**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime A. Anderson,                  ) | No. CV 03-1630-PHX-MHM |
|                                                   ) | |
|          Plaintiff,                          ) | **ORDER** |
|                                                   ) | |
| vs.                                             ) | |
|                                                   ) | |
| City of Mesa; Nathan Sund, #13321, a ) | |
| City of Mesa Police Officer; Jane Doe ) | |
| Sund,                                          ) | |
|                                                   ) | |
|          Defendants.                     ) | |

Currently, before the Court are Defendants' Motion for Summary Judgment on all of Plaintiff's claims, (Dkt. #46), Defendants' Motion to Strike Plaintiff's Exhibits and "Affidavit", (Dkt. #53) and Defendants' Motion to Strike Plaintiff's Sur-Reply, (Dkt. #57). Having reviewed the pleadings, the Court issues the following Order.

**I.     Defendants' Motion To Strike Plaintiff's Exhibits And Affidavit**

In Response to Defendants' motion for summary judgment, Plaintiff has filed a Response and accompanying Exhibits and Affidavit in support of his claims. Defendants move to strike Exhibits A and C as well as certain portions of Plaintiff's Affidavit.

First, with respect to Plaintiff's Exhibit A; it is a letter from Anthony W. Britnell (Mr. Britnell") to Plaintiff's former counsel, which provides an apparent expert report regarding Plaintiff's arrest by Officer Sund. Specifically, in the letter, Mr. Britnell offers his opinions regarding Officer Nathan Sund's ("Officer Sund") conduct based upon his review of various

documents regarding the arrest of Plaintiff by Officer Sund. On March 2, 2005, Plaintiff moved this Court to withdraw Mr. Britnell as an expert witness in support of his case. (Dkt. #42). The Court granted Plaintiff's request. (Dkt. #45). Moreover, in response to Defendants' subpoena issued on December 13, 2004 to Mr. Britnell, Mr. Britnell acknowledged that he is not qualified to render an expert opinion and does not intend to testify on behalf of Mr. Anderson. (Defendants' Controverting Statement of Facts, Exhibit E). Based upon these undisputed facts, Mr. Britnell's report cannot be considered by this Court as Mr. Britnell is not a properly disclosed expert witness in this case and his opinion is not admissible evidence. See FED.R.CIV.P. 37(c); See also FDIC v. New Hampshire Ins. Co., 953 F.2d 478, 484-85 (9th Cir. 1991) (holding that inadmissible evidence is subject to a timely objection and may be stricken from the record); Hal Roach Studios, Inc., v. Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990) (holding that with respect to summary judgment opposition it must have appropriate foundation and be supported by admissible evidence).[1]

Defendants also move to strike Exhibit C to Plaintiff's Response to their motion, which is a summary of a statement by Mr. Larry Pattenaude ("Mr. Pattenaude") to the City of Mesa Police Department's Internal Affairs Division prepared by the Internal Affairs Division. Plaintiff relies upon Mr. Pattenaude's summarized statement in the Internal Affairs report in support of his position that Officer Sund used excessive force. Specifically, there are several statements attributed to Mr. Pattenaude in the Report that question Officer Sund's action. However, Mr. Pattenaude's summarized statements in the above report are clearly hearsay as they amount to nothing more than a second hand account of Mr. Pattenaude's out of court statements prepared by the Internal Affairs Division of the City of Mesa. See FED.R.EVID. 801(c). Further, there is no applicable exception to cure it. Colvin v. U.S., 479 F.2d 998, 1003 (9th Cir. 1973) (stating that statements attributed to other persons in a police

---

[1] On March 31, 2005, this Court gave Plaintiff specific instructions regarding the significance of Defendant's Motion for summary judgment and Plaintiff's obligation to set forth specific facts pursuant to Rule 56(e) FED.R.CIV.P. in opposition to demonstrate a genuine issue of material fact.

report is hearsay and not admissible). The better approach would have been to have Mr. Pattenaude testify to his observations in the form of an affidavit, based upon his personal knowledge. Thus, Mr. Pattenaude's summarized statements appearing in the City of Mesa's internal affairs report are not admissible and will not be considered in opposition to Defendants' motion for summary judgment. See Hal Roach Studios, Inc., 896 F.2d at 1555.

Lastly, Plaintiff offers in Response, his Affidavit setting forth his version of events surrounding his arrest and injury. The Defendants raise issue with several aspects of Plaintiff's Affidavit. Specifically, Plaintiff offers numerous alleged facts subsequent to when he was placed in handcuffs by Officer Sund. Plaintiff offers these facts in the attempt to demonstrate Officer Sund's alleged unlawful conduct after placing Plaintiff in handcuffs. However, Plaintiff, at his deposition, testified repeatedly that he has no recollection of the events subsequent to being put into handcuffs and waking up three days later. DSOF ¶13. As such, it is impossible for the Plaintiff to offer his testimony set forth in his affidavit based upon his own personal knowledge. Rule 56(e) of the Federal Rules of Civil Procedure provides that supporting and opposing affidavits shall be made on personal knowledge and shall set forth such facts that are admissible in evidence. Here, it is clear that Plaintiff's version of events subsequent to being placed into handcuffs is not based upon his personal knowledge. As such, those portions of his affidavit addressing events subsequent to being placed under arrest will not be considered by this Court. See American Civil Liberties Union of Nevada v. City of Las Vegas, 13 F. Supp.2d 1064, 1071 (D.Nev. 1998) (holding that affidavit must be based upon personal knowledge and not contain conclusions of law or ultimate facts and when such statements appear they are to be disregarded). Specifically, ¶'s 6 through 20 of Plaintiff's Statement of Facts, as numbered in Plaintiff's Controverting and Supplemental Statement of Facts will not be considered to be admissible evidence as they are not based upon Plaintiff's personal knowledge.

Moreover, Plaintiff makes numerous self serving statements in his Affidavit that rise to the level of conclusions of law and ultimate facts and thus are not admissible. Id. For instance, Plaintiff provides in his opposing affidavit, "[a]long with the Officer's false

testimony and ever changing recollection the facts alone prove there are lies, deceit and corruption in and among the Mesa Police Department. As well as enough proof to back up all points in my complaint."  "The entire incident was covered up, lied about, and now attempting to be eluded by the Mesa Police Department."  These statements are nothing more than Plaintiff's conclusions of law and fact. Such statements are not proper for inclusion in an affidavit and they will not be considered by the Court. Id. at 1071. As such, those portions of Plaintiff's affidavit that are not based upon his personal knowledge and assert ultimate facts and conclusions of law will not be considered by the Court in opposition to Defendants' Motion to Strike.

## II.     Defendant's Motion To Strike Plaintiff's Sur-Reply

Defendants also moves to Strike the document entitled "Reply to Defendants Reply in Support of Motion For Summary Judgment." Plaintiff filed this document on June 6, 2005, in Response to the Defendant's Reply in support of their Motion for summary judgment filed on June 10, 2005. Local Rule 7.2 of the Arizona District Court Local Rules of Civil Procedure provides only for a motion, response and reply. Thus, Plaintiff's sur-reply goes outside the scope of permissible filings with respect to a motion. Moreover, Plaintiff did not seek leave of the Court to file such a document. Thus, to the extent that this unauthorized sur-reply is offered as a reply to Defendant's Reply it will not be considered by this Court. However, to the extent that Plaintiff's sur-reply addresses Defendant's Motion to Strike Plaintiff's exhibits and certain portions of Plaintiff's affidavit, it will be considered by this Court as a Response to Defendants' motion to strike.

## III.    Factual Background

On June 16, 2001, at about 1:11 a.m., Officer Sund, a City of Mesa police officer responded, alone, to a noise complaint at 1348 West University in Mesa, Arizona. Defendant's Statement of Facts, ("DSOF") ¶1. Upon arriving on the scene, Officer Sund observed a red SUV and heard loud music coming from it. DSOF ¶1. Officer Sund approached Plaintiff and a group of people in the area of the SUV. DSOF ¶3. Officer Sund requested that the music be turned down and Plaintiff Jaime A. Anderson ("Plaintiff")

complied with his request. DSOF ¶3. However, as Officer Sund was leaving the area, Plaintiff turned the music back up, thus Officer Sund returned to the SUV after calling in for back-up DSOF ¶3 & 4. Officer Sund directed Plaintiff to exit the SUV and come over to him. DSOF ¶5. Plaintiff describes himself as intoxicated during this time. DSOF ¶18. After disclosing his identification, Plaintiff disclosed to Officer Sund that he had an outstanding warrant in Iowa. DSOF ¶6; Plaintiff's Affidavit ¶5. After hearing a dispatch over Officer Sund's radio, Plaintiff voluntarily turned around and placed his hands behind his back. DSOF ¶9; Plaintiff's Affidavit ¶ 5. Officer Sund placed handcuffs on Plaintiff and placed him under arrest. DSOF ¶10; Plaintiff's Affidavit ¶5. Officer Sund then began to explain to the group of people who were with Plaintiff at the scene why he was placing Plaintiff in handcuffs. DSOF ¶ 10. After placing Plaintiff in handcuffs, Plaintiff verbally threatened Officer Sund by stating that "if he wasn't in handcuffs he was going to kick [his] ass." DSOF ¶11. Moreover, Plaintiff pulled himself away from Officer Sund. DSOF ¶11; Complaint ¶29. Officer Sund began to move Plaintiff towards the patrol car and Plaintiff became face to face with Officer Sund. DSOF ¶ 11; Complaint at ¶30. Reportedly, because Officer Sund felt that there was a threat of danger from the others in the group he was conversing with, and Plaintiff was pulling away from him, he forced Plaintiff to the ground by using a leg sweep-type maneuver. DSOF ¶15; Complaint ¶ 32. Plaintiff fell to the ground, head first, following the leg sweep and sustained injuries to his head. DSOF ¶17; Complaint ¶32. Specifically, Plaintiff suffered a skull fracture that required he spend three days in hospital recovery. DSOF ¶17; Complaint ¶34. Plaintiff has no recollection of the fall and testified that he has no memory of what occurred from the time he was placed in handcuffs until "waking up a couple three days later." DSOF ¶13. After the scene was secured, a loaded gun was found in the front seat of the SUV that Plaintiff had occupied; however, it is unclear who owned the gun. DSOF ¶19.

On June 18, 2001, Officer Sund, filed his report of the above incident and recommended that Plaintiff be charged with Resisting Arrest. Defendants' Controverting Statement of Facts ("DCSOF") ¶1. On September 13, 2001, Detective Wolke of the Mesa

Police Department requested that because of the existence of probable cause that Plaintiff be charged with Resisting Arrest and forwarded the case to the Maricopa County Attorney's Office. DCSOF ¶1.  Plaintiff was charged with Resisting Arrest and after a preliminary hearing on March 1, 2002, the West Mesa Justice Court determined there was probable cause for the charge. DSOF¶20; Complaint ¶40. At trial, after the State of Arizona presented its case, Plaintiff's counsel moved to dismiss the charges based upon there being insufficient evidence to support the charge. DSOF¶21; Complaint ¶41. Plaintiff was acquitted by the Court upon Plaintiff counsel's motion. DSOF¶21; Complaint ¶42.

Plaintiff asserts three causes of action arising out of the events described above: (1) violation of his federal and state constitutional rights under 42 U.S.C.A. § 1983 against Officer Sund and the City of Mesa; (2) assault and battery against Officer Sund; and (3) malicious prosecution against Officer Sund and the City of Mesa.

**IV.   Summary Judgment Standard**

A motion for summary judgment may be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2004).  To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).   Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.  The Court views the evidence in the light most favorable to the nonmoving party and draws any reasonable inferences in the nonmoving party's favor. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).

**V.   Discussion**

    **A.   Plaintiff's 42 U.S.C.A. § 1983 Claim Against Officer Sund**.

Plaintiff alleges that Officer Sund used excessive force in effectuating his arrest in violation of his constitutional rights pursuant to 42 U.S.C. § 1983. A claim that a law enforcement official has used excessive force, deadly or not, in the course of an arrest, investigatory stop or other "seizure" of a person "is properly analyzed under the Fourth Amendment's "objective reasonableness" standard..." Graham v. Connor, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 1871 (1989). "Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (citations omitted). The test is whether the officer's actions were objectively reasonable under the circumstances confronting him, "judged from the perspective of a reasonable officer on scene rather than with the 20/20 vision of hindsight." Id. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (citing Tennessee v. Garner, 471 U.S. 1, 8-9, 105 S.Ct. 1694, 1699-00 (1985). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Id. The calculus of reasonableness must allow for "the fact that police officers are often forced to make split-second judgments --in circumstances that are tense, uncertain and rapidly evolving-- about the amount of force that is necessary in a particular situation." Id. at 396-97. With respect to the Ninth Circuit's approach to excessive force claims, it has consistently held that whether excessive force was used by police officers in a given situation is a question of fact for the jury. See Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003) (holding that because assessing whether a police officers' use of force was reasonable nearly always a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force

cases should be granted sparingly). To defeat summary judgment, a plaintiff need only show that a reasonable jury could find that the officer's use of force was excessive. Lolli v. County of Orange, 351 F.3d 410, 416 (9th Cir. 2003).

In the present case, it is undisputed that Officer Sund took Plaintiff down by invoking a leg sweep maneuver while the Plaintiff was handcuffed, causing the Plaintiff to suffer a skull fracture which required hospitalization for three days. Officer Sund contends that such a maneuver was justified because Plaintiff was becoming aggressive and there was a pending threat of uncertainty with respect to the individuals in the area. While, Officer Sund's actions may well have been reasonable, this Court, in order to grant summary judgment with respect to an excessive force claim, would have to depart from the general rule in the Ninth Circuit that such claims proceed to the jury to determine reasonableness. Id. In light of the fact that Plaintiff suffered significant injuries from Officer Sund's leg sweep maneuver while Plaintiff was handcuffed causing him to fall head first thus sustaining a serious head injury, the Court finds that a reasonable trier of fact could find that the type and amount of force by Officer Sund was unreasonable. Id. at 417. (finding that trier of fact may infer from serious injuries sustained during an altercation with law enforcement that the type and amount of force used by officers was unreasonable).

There is no dispute that prior to executing the take down on Plaintiff, Plaintiff became verbally abusive towards Officer Sund and pulled his body away from Officer Sund. Further, there is no dispute that Officer Sund was the only officer on the scene with a group of individuals who were uncooperative with his requests. There is also no dispute that after arresting Plaintiff pursuant to the outstanding warrant, there was a gun found in the vehicle in which he was seated. Undoubtedly, in light of these circumstances, the countervailing governmental issues at stake of protecting Officer Sund and public safety were also quite significant. However, the extent of the permissible force exercised by Officer Sund cannot be said to be justified as a matter of law. Officer Sund was certainly justified in taking action to restrain an uncooperative individual; however, taking Plaintiff down by force when he was handcuffed causing serious physical injury creates a question of reasonableness that must be

resolved by the fact finder. Thus, this Court finds that in taking the evidence in the light most favorable to Plaintiff, a jury could find that the force used to execute the arrest of Plaintiff was unreasonable.

### B.     Officer Sund's Qualified Immunity Defense

Officer Sund contends that even if his actions cannot be deemed to be reasonable as a matter of law, his actions were protected by qualified immunity, thus eliminating Plaintiff's § 1983 civil rights claim against him. Qualified immunity from a civil rights action "is an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 199, 121 S.Ct. 2151, 2156 (2001). "The privilege of qualified immunity is an immunity from suit rather than a mere defense to liability." Id. Where a government official seeks qualified immunity, a ruling should be made early in the proceedings to avoid the costs and expenses of trial where the defense is dispositive. Id. at 2155-56. A court required to rule upon qualified immunity of a government official in a civil rights action must consider, at its initial inquiry, whether the facts alleged, "taken in the light most favorable to the party asserting the injury," show that the official's conduct violated a constitutional right. Id. at 2156 (citing Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991). If the court determines that a favorable view of the plaintiff's alleged facts show that the official's conduct violated a constitutional right, the court's next step is to ask whether such right was clearly established; this inquiry must be undertaken in light of the specific context of the case and not as a general proposition. Id. at 201. The dispositive inquiry in determining whether a constitutional right is "clearly established" "is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted." Id. (citations omitted). "If the law did not put the official on notice that his conduct would be clearly unlawful, summary judgment based upon qualified immunity is appropriate." Id. at 202. The inquiry as to whether officers are entitled to qualified immunity for the use of excessive force is distinct from the inquiry on the merits of the excessive force claim; if an officer is mistaken regarding the amount of force that is legal, but such mistake is reasonable, the officer is entitled to qualified immunity. Id. Qualified immunity protects "all but the plainly

incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 106 S.Ct. 1092, (1986).

In the present case, it is clear that in the light most favorable to the non-movant that there is at the very least a question of fact surrounding whether Officer Sund violated a constitutionally established right of Plaintiff by engaging in excessive force during his arrest. Thus, the Court must look forward to the second prong of the qualified immunity analysis; whether Plaintiff had a "clearly established" constitutional right, such that a reasonable officer would have known that the conduct alleged was unlawful. <u>Saucier</u>, 533 U.S. at 201; <u>Drummond v. City of Anaheim</u>, 343 F.3d 1052, 1060 (9th Cir. 2003). Plaintiff argues that a reasonable officer would have been on notice that such conduct violated a constitutionally protected right by citing to the City of Mesa Police Department Use of Force Options Chart. (Plaintiff's Response, Exhibit D). Specifically, Plaintiff notes that there is no leg sweep procedure indicated on the chart for instances where the arrestee is handcuffed with his hands behind his back. Specifically, Plaintiff underlines the statement in the chart stating, "[w]hile the use of reasonable physical force may be necessary in situations which cannot be otherwise controlled, force may not be resorted to unless other reasonable alternatives have been exhausted or would be clearly ineffective under the particular circumstances." The flaw with Plaintiff's reliance on the chart is that the chart does not offer an all inclusive description of the specific type of force that is permitted in all circumstances. For instance, the chart is not meant to provide a step by step procedural guide to the specific conduct an officer must use in each and every circumstance. Rather, as evidenced by the statement underlined by Plaintiff above, the chart provides a guide of the permissible force permitted by officers. Thus, the fact that Officer used a leg sweep maneuver in and of itself is not indicative of force that it outside the scope of what a reasonable officer would believe is permissible.

More importantly, Plaintiff fails to controvert the opinion of Mr. Ted Hunnington who based upon his experience as a certified Arizona Peace Officer Standards and Training Board Defensive Tactics Instructor for the City of Mesa Police Department concludes that upon review that Officer Sund's actions were reasonable and necessary and fall within the

1  guidelines of the Use of Force Chart upon which Plaintiff relies.  Plaintiff offers no opinion
2  to controvert this other than his own.  Thus, Mr. Hunnington's opinion provides substantial
3  support that a reasonable officer would not have concluded that Officer Sund's actions were
4  unlawful.  In other words, even if Officer Sund mistakenly stepped outside the box of
5  permissible use of force in effectuating the arrest of Plaintiff, his actions as demonstrated by
6  Mr. Hunnington's expert opinion may still be protected by qualified immunity.  The qualified
7  immunity standard encompasses a greater form of protection than simply the excessive force
8  inquiry.  In sum, Plaintiff fails to offer any evidence suggesting that Officer Sund's actions,
9  at best for Plaintiff, amounted to anything more than a reasonable mistake of force.

10  The present case is distinguishable from the Ninth Circuit's decision in Drummond
11  v. City of Anaheim, 343 F.3d 1052 (2003).  In Drummond, the Ninth Circuit held officers
12  were not entitled to qualified immunity for conduct in effectuating an arrest by pressing their
13  weight onto arrestee's neck and torso as he lay handcuffed on the ground causing the plaintiff
14  to lose consciousness and sustain brain damage.  Id. at 1054-55.  Like this Court, the court
15  in Drummond found that there was at the very least a question of fact as to whether the
16  officers used excessive force in violation of plaintiff's constitutional rights.  Id. at 1060.
17  However, unlike this Court, the court in Drummond reversed summary judgment in favor of
18  the officers on the basis of qualified immunity.  The court noted several factors that would
19  suggest that the officers should have been on notice that their conduct was in violation of a
20  clearly established constitutional right.  Such evidence consisted of recent newspaper
21  accounts before the incident describing the dangers of compression asphyxia, federal case
22  law describing the dangers of pressure on a prone and bound detainee and training from the
23  officers own department warning specifically against the type of force used by the officers.
24  Id. at 1061-62.

25  Conversely, in the present case, no such evidence exists that would suggest Officer
26  Sund knowingly violated a constitutional right of Plaintiff.  Rather, the evidence
27  demonstrates only that Officer Sund used a leg sweep maneuver on Plaintiff to attempt to
28  gain control of the situation, while Plaintiff was handcuffed, that caused Plaintiff toسustain

head injuries. While, Office Sund's actions raise a question as to whether it constitutes excessive force, there is no evidence that he was on notice that his conduct was unlawful. Thus, Plaintiff's § 1983 claim against Officer Sund fails.

### C.     Plaintiff's § 1983 Claim Against The City Of Mesa

In addition to his § 1983 claim against Officer Sund, Plaintiff asserts that the City of Mesa violated his constitutional rights because Officer Sund's actions were the product of the City of Mesa's improper training techniques which authorize the use of force in minor traffic violations and noise calls. A municipal government may be liable under § 1983 if its policy or custom caused the constitutional deprivation complained of. Monell v. Department of Social Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36 (1978). However, a municipality cannot be held liable for violation of civil rights on a respondeat superior theory. Id. at 691. "[I]nadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to a deliberate indifference to the rights of persons whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204 (1989). "That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit the inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably." Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391 (1997). The "deliberate indifference" standard is a stringent standard which requires proof that the municipal actor disregarded known or obvious consequence of action. Id. at 397. Deliberate indifference occurs when the need for more or different action is so obvious and the inadequacy of the current procedure is so likely to result in the violation of constitutional rights, "that policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390.

In the present case, Plaintiff alleges in a conclusory fashion that Officer Sund's alleged wrongful actions are the product of improper training techniques. Plaintiff asserts nothing more than a respondeat superior theory of liability against the City of Mesa based upon Officer Sund's conduct. For instance, Plaintiff asserts that as demonstrated by his arrest, the

- 12 -

1
2
3
4
5
6
City of Mesa authorizes that any citizen being pulled over for a minor traffic offense can be handcuffed behind their backs and thrown violently to the ground at the whim of the arresting officer. (Plaintiff's Response, p. 8).  However, Plaintiff bases this theory only the actions of Officer Sund.  Plaintiff offers no evidence that this is an actual policy of the City of Mesa or that it is permitted.  Such a theory is insufficient to survive summary judgment as there is no respondeat superior liability in §1983 claims.   Monnell, 436 U.S. at 690.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
Moreover, Plaintiff offers no evidence to suggest that the City of Mesa acted with the requisite "deliberate indifference" to support a § 1983 claim against a municipality.   There is no evidence in the record to suggest that any official of the City of Mesa disregarded a known or obvious consequence of the alleged wrongful actions.  Board of County Commissioners, 520 U.S. at 410.  Rather, Plaintiff would have this Court permit his claim against the City of Mesa survive based only his position that Officer Sund violated his constitutional rights, thus, the Court must assume that the City deliberately disregarded the known or obvious consequences of Officer Sund's actions.  There is simply no evidence to support such a contention and the Court is not permitted to infer such a mental state against the City of Mesa.  See Id. at 407 (holding that inference of municipal culpability in § 1983 claim against municipality cannot be made upon deprivation of federal rights).  In sum, the Plaintiff has produced no evidence showing that the alleged inadequacy of Officer Sund's training was the result of  "deliberate indifference," which is required to establish a claim against a municipality.  Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 2994).  Thus, the City of Mesa's motion for summary judgment with respect to Plaintiff's § 1983 claim is granted.

23
**D.**     **Jurisdiction**

24
25
26
27
28
As a result of the above findings, the only remaining viable claims asserted by Plaintiff arise out of Arizona state law. Specifically, Plaintiff's claims of assault and battery against Officer Sund and malicious prosecution against the City of Mesa and Officer Sund.  As such, the basis for jurisdiction in this Court is eliminated and this Court must determine whether it will continue to maintain jurisdiction over Plaintiff's remaining claims. However,

there is a strong preference in the Ninth Circuit for declining to exercise supplemental jurisdiction once the federal claim is dismissed. Danner v.Himmelfarb, 858 F.2d 515, 523 (9th Cir. 1988). The basis for this is that state law claims are best resolved by state courts. See Wallace v. Smith & Smith Construction, Inc., 65 F. Supp.2d 1121, 1123 (D. Or. 1999). Thus, in exercising its discretion, this Court declines to exercise supplemental jurisdiction over the remaining state law claims in this action.

**Accordingly**,

**IT IS ORDERED** that Defendants' Motion to Strike Exhibit A and C of Plaintiff's Response to Defendants' Motion for summary judgment is **GRANTED**. (Dkt.#53). Additionally, Defendant's Motion to strike certain portions of Plaintiff's Affidavit offered in response to Defendants' Motion for summary judgment is **GRANTED** (Dkt #53). Specifically, paragraphs 6 through 20 of Plaintiff's affidavit, as numbered by Defendants, are struck.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Plaintiff's sur-Reply is **GRANTED**. (Dkt. #57).

**IT IS FURTHER ORDERED** that Defendants' Motion for summary judgment is **GRANTED** with respect to Plaintiff's claims under 42 U.S.C.A. § 1983 against Defendant Officer Sund and the City of Mesa. (Dkt. #46). The Court declines to exercise jurisdiction and reach the merits of Plaintiff's state law claims of assault and battery and malicious prosecution. Thus, those claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** directing the clerk of the Court to enter judgment accordingly.

DATED this 24th day of March, 2006.

_____
Mary H. Murguia
United States District Judge